UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT LASHAWN
WILLIAMS,

     Plaintiff,

v.

CITY OF BATTLE CREEK, et al.,

     Defendants.

Case No. 25-cv-10270

Honorable Robert J. White

---

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITH PREJUDICE

Before the Court is *pro se* plaintiff Roosevelt Lashawn Williams' application to proceed in forma pauperis. (ECF No. 2).  For the following reasons, the Court shall (1) grant the application and waive prepayment of the filing fee, and (2) dismiss the amended complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Williams asserts claims against the City of Battle Creek (the City), two Battle Creek police officers, and Calhoun County Magistrate Judge David K. Heiss. (ECF No. 5, PageID.49-50).  Although somewhat unclear, the amended complaint alleges that in October and November 2024, the two defendant police officers issued Plaintiff numerous citations for the unlawful operation of a motor vehicle, with one officer ultimately seizing Plaintiff's vehicle. (ECF No. 5-1, PageID.58-59).  Plaintiff alleges further that the City and Magistrate Judge Heiss in January 2025 held two "UNRECORDED/UNDOCUMENTED" hearings on these citations, at which Magistrate Judge Heiss ordered Plaintiff to pay fines and related fees. (ECF No. 5-1, PageID.59-60).

Regarding his legal claims, Plaintiff asserts that he is a sovereign citizen entitled to various "Inalienable sovereign rights and Immunities, and that "sovereignty rest[s] in the people . . . and is not subject to laws . . . ." (ECF No. 5-1, PageID.60-66).  Plaintiff claims, therefore, that (1) the government defendants here could not exercise jurisdiction over Plaintiff without his consent, (2) these defendants cannot invoke any claim of immunity, and (3) Defendants' conduct maliciously violated Plaintiff's constitutional rights. (ECF No. 5-1, PageID.58, 60-67).

Plaintiff also asserts that Mich. Comp. Laws § 257.255(1) is unconstitutional because it denied Plaintiff his right "to be able to operate his private motor automobile under the guaranteed Immunities" under the Constitution, as well the right "to conduct his personal business as he sees fit."  (ECF No. 5-1, PageID.66-67).   Relatedly, Plaintiff asserts that Mich. Comp. Laws § 257.255(3) is unconstitutional by allowing the unlawful seizure of private property without due process. (ECF No. 5-1, PageID.67).  And Plaintiff asserts that Mich. Comp. Laws § 257.33 impermissibly conflicts with 18 U.S.C. § 31(a)(6). (ECF No. 5-1, PageID.64-65).

Most of Plaintiffs' claims and supporting contentions rely—based on a purported distinction between corporate personhood and actual personhood—on Plaintiff being a sovereign citizen exempt from Michigan law. (*See* ECF No. 5-1,

PageID.58, 60-67). Regarding the claims premised upon this theory, they must be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Payne v. Klida*, No. 15-14127, 2016 U.S. Dist. LEXIS 14968, at *9 (E.D. Mich. Jan. 6, 2016) (holding that the plaintiff's "claim that he is not subject to the laws of the state of Michigan because of some distinction between corporate personhood and actual personhood is totally spurious, unfounded, and frivolous."), *adopted by* 2016 U.S. Dist. LEXIS 14649 (E.D. Mich. Feb. 8, 2016); *Colar v. Heyns*, No. 12-1269, 2013 U.S. Dist. LEXIS 4316, at *10 (W.D. Mich. Jan. 11, 2013) (noting that "the fundamental belief of the sovereign-citizen movement [is] that the government lacks the authority to govern them"); *Bellon v. United States Gov't*, No. 06-10078, 2006 U.S. Dist. LEXIS 103017, at *3 (E.D. Mich. Mar. 28, 2006) ("Courts have long found this 'sovereign citizen' argument to be frivolous."), *adopted by* 2006 U.S. Dist. LEXIS 23712 (E.D. Mich. Apr. 27, 2006). This includes Plaintiff's challenge to Mich. Comp. Laws § 257.255(1) premised only on his alleged, general rights to freely operate a private automobile and conduct his personal business without government interference.

Furthermore, any claim against Magistrate Judge Heiss must be dismissed because he immune from liability arising out of the performance of his judicial or quasi-judicial duties, even if conducted erroneously or in bad faith. *See Harper v. Khalil*, No. 24-11517, 2024 U.S. Dist. LEXIS 161129, *3-5 (E.D. Mich. Jul. 24, 2024). As for the City, a municipality may only be liable for an injury inflicted by

its employees if the execution of an official policy or custom caused the alleged deprivation of constitutional rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Because Plaintiff's amended complaint fails to allege that a municipal policy or custom caused his injuries, the City must also be dismissed. *See Harper*, 2024 U.S. Dist. LEXIS 161129 at *5-6.  To the extent that Plaintiff's remaining challenges to various provisions of Michigan law can be severed from his sovereign-citizen theory and remain viable against the two police-officer defendants, these are addressed in turn.

Mich. Comp. Laws § 257.255(3) provides, in relevant part:

> A person who operates a vehicle licensed under the international registration plan and does not have a valid registration due to nonpayment of the apportioned fee is guilty of a misdemeanor, punishable by imprisonment for not more than 90 days, or by a fine of not more than $100.00, or both.  *In addition, a police officer may impound the vehicle until a valid registration is obtained.*

(Emphasis added.)

According to Plaintiff, this allows for the unlawful seizure of property without due process.  But numerous federal courts in Michigan have already rejected similar arguments and concluded that there "is no constitutional requirement that a plaintiff receive notice and a hearing prior to having his vehicle impounded for failure to have it properly registered." *Armstrong v. City of Melvindale*, No. 02-73492, 2005 U.S. Dist. LEXIS 8964, at *37-41 (E.D. Mich. May 13, 2005); *Harris v. County of*

*Calhoun*, 127 F. Supp. 2d 871, 875-76 (W.D. Mich. 2001) (cleaned up). Accordingly, Plaintiff's challenge to Mich. Comp. Laws § 257.255(3) is dismissed.

Lastly, Plaintiff asserts that Mich. Comp. Laws § 257.33 impermissibly conflicts with 18 U.S.C. § 31(a)(6). In Michigan's Vehicle Code, Mich. Comp. Laws § 257.1, *et seq.*, a motor vehicle is defined as

> every vehicle that is self-propelled, but for purposes of chapter 4, motor vehicle does not include industrial equipment such as a forklift, a front-end loader, or other construction equipment that is not subject to registration under this act. Motor vehicle does not include a power-driven mobility device when that power-driven mobility device is being used by an individual with a mobility disability. Motor vehicle does not include an electric patrol vehicle being operated in compliance with the electric patrol vehicle act, 1997 PA 55, MCL 257.1571 to 257.1577. Motor vehicle does not include an electric personal assistive mobility device. Motor vehicle does not include an electric carriage. Motor vehicle does not include a commercial quadricycle. Motor vehicle does not include an electric bicycle. Motor vehicle does not include an electric skateboard.

Mich. Comp. Laws § 257.33.

In contrast, with respect to federal crimes involving aircraft or motor vehicles, 18 U.S.C. § 31(a)(6) defines a motor vehicle as "every description of carriage or other contrivance propelled or drawn by mechanical power and used for commercial purposes on the highways in the transportation of passengers, passengers and property, or property or cargo."

As an initial matter, it is unclear from the amended complaint how this purported conflict relates to Plaintiff's claims or any alleged constitutional violation.

*See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324 (2015) ("the Supremacy Clause is not the source of any federal rights") (quotation marks and citation omitted).

Nevertheless, Title 18 is not a source of any general right to travel. The Supreme Court has held that "[i]n the absence of national legislation covering the subject, a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles . . . . And to this end it may require the registration of such vehicles and the licensing of their drivers." *Hendrick v. State of Maryland*, 235 U.S. 610, 622 (1915). Critically, Title 18 does not cover the entire subject of motor vehicle regulation. Instead, sections of this Title criminalize select and narrowly defined conduct as it relates to *commercial* vehicles. Title 18 does not address state vehicle registration requirements, much less preempt the Michigan Vehicle Code. Accordingly, any claim arising under the Supremacy Clause must be dismissed. *See Williams v. City of Aurora*, No. 20-2549, 2024 U.S. Dist. LEXIS 49202, *62-63 (N.D. Il. Mar. 20, 2024) (dismissing similar claim to that here); *Redman v. Sununu*, No. 21-267, 2021 U.S. Dist. LEXIS 253155, at *26-28 (N.H. Dist. Nov. 24, 2021) (same). Accordingly,

IT IS ORDERED Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted.  The amended complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the amended complaint (ECF No. 5) is dismissed in its entirety, WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: March 5, 2025                          s/Robert J. White
                                              Robert J. White
                                              United States District Judge